FILED

NOV 23 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY GODDARD, ATTORNEY GENERAL, STATE OF ARIZONA; CIVIL RIGHTS DIVISION OF THE ARIZONA DEPARTMENT OF LAW; AND JILL SHUMWAY, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> DHL EXPRESS (USA), INC., a foreign corporation, <br><br> Defendant-Appellant. | No. 08-16919 <br><br> D.C. No. 06-CV-02611-FJM <br><br> MEMORANDUM * |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted November 6, 2009
San Francisco, California

Before: NOONAN and W. FLETCHER, Circuit Judges, and DUFFY, ** District
Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

Defendant-appellant DHL Express (USA), Inc. ("DHL") appeals the judgment of the district court denying its motion for judgment as a matter of law, or alternatively for a new trial, on the ground that the district court should have ordered a new trial because the jury's compensatory damages award of $350,000 stemming from a verdict in favor of plaintiff-appellant Jill Shumway on her Title VII retaliation claim was excessive. DHL argues that: (1) the jury improperly awarded Shumway compensatory damages based on pecuniary loss for a time period subsequent to her voluntary resignation; and (2) the portion of the award representing emotional distress damages is excessive. We affirm.

We review a district court's ruling on a motion for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure for an abuse of discretion. McEuin v. Crown Equip. Corp., 328 F.3d 1028, 1032 (9th Cir. 2003). The district court's judgment with respect to whether a jury verdict is excessive and warrants either remittitur or a new trial is reviewed for clear abuse of discretion, affording substantial deference to the jury's findings of the appropriate amount of damages. Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 417, 434–35 (1996); Del Monte Dunes at Monterey, Ltd. v. Monterey ("Del Monte"), 95 F.3d 1422, 1434–35 (9th Cir. 1996). A jury's finding on the amount of damages will be upheld unless the amount is "grossly excessive or monstrous, clearly not supported by the evidence, or based only on speculation or guess work." Del Monte,

2

95 F.3d at 1435.  In other words, the damages award must be affirmed unless it is "shocking to the conscience."  Brady v. Gebbie, 859 F.2d 1543, 1557 (9th Cir. 1988).

DHL contends that the district court abused its discretion in denying DHL's motion for a new trial because the jury's verdict likely unlawfully included the amount of the controlled credit Shumway would have received for the fourth quarter of 2005 even though she resigned voluntarily before the end of the quarter and failed to allege or prove constructive discharge at trial.  The jury's damages verdict was expressed on a general verdict form.  It is well settled that courts of appeals "cannot, by way of speculation, pierce the general verdict" to reach conclusions contended for by one party or another to reverse a district court's judgment denying a motion for a new trial on damages.  Porterfield v. Burlington N., Inc., 534 F.2d 142, 147 (9th Cir. 1976).  Therefore, we decline DHL's invitation to attempt to divine the jury's apportionment of damages within its general verdict.

Further, even assuming that the jury awarded Shumway $109,461 for the loss of her controlled credit and $240,000 in emotional distress damages, we cannot say that the emotional distress damages award is "shocking to the conscience."  Brady, 859 F.2d at 1557.  In Zhang v. American Gem Seafoods, Inc., this court upheld a district court's decision to deny defendant's motion for remittitur or a new trial, permitting an emotional distress damages award of up to $223,155 to stand based on allegations of the plaintiff,

a Chinese-American who had been discharged in violation of Title VII, that his job had been "[his] dream, working in this country," and that he was "troubled" and "couldn't believe it" when he was terminated. 339 F.3d 1020, 1040–41 (9th Cir. 2003).

Similarly, Shumway testified that the emotional distress she suffered because of DHL's retaliatory conduct in revoking her controlled credit, lying to her about the 51% rule, and otherwise trying to cover up their unlawful conduct, "was consuming." She testified that the distress from DHL's conduct also "affected [her] personal life," and that it was "the biggest professional disappointment [she had] ever experienced." Shumway's testimony was corroborated by one of her supervisors who said that he thought the lost commission "had really become consuming of her," and that he "thought it was probably starting to impact her professionally and possibly personally as well, so we tried to talk about it."

Based on this testimony, and considering the "substantial deference" afforded to a jury's damages determination, Del Monte, 95 F.3d at 1435, we conclude that the jury's award of damages is not "shocking to the conscience," Brady, 859 F.2d at 1557, and that "there is evidence which, if believed, would support the verdict," Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 513 (9th Cir. 2000).

AFFIRMED.